[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11996

_____

DOUG KILLOUGH,
TECHNICAL CONSULTING SOLUTIONS, INC.,

Plaintiffs-Counter Defendants-Appellees,

*versus*

PHIL MONKRESS,

Defendant-Counter Claimant,

ALL POINTS LOGISTICS, LLC,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:17-cv-00247-AKK

————————————

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and ABUDU, Circuit Judges.

PER CURIAM:

This case arises out of a dispute concerning alleged oral contracts. Plaintiffs Doug Killough and his company, Technical Consulting Solutions, Inc., sued his former employer, All Points Logistics, LLC, for breach of contract. All Points filed counterclaims for breach of contract, breach of fiduciary duty and loyalty, and violations of the Defend Trade Secrets Act and Alabama Trade Secrets Act. After a ten-day trial, the jury returned a verdict in Plaintiffs' favor on two breach-of-contract claims and awarded significant damages.[1]

All Points raises numerous issues on appeal. Specifically, All Points argues that the district court should not have denied its motion for judgment as a matter of law, renewed motion for judgment as a matter of law, motion for a new trial, and motion for remittitur of damages as to Plaintiffs' breach-of-contract novation claims. It also challenges the district court's denial of All Points's motion for

———————————————

[1] Because we write for the parties, we do not set forth the facts and procedural history of this matter in detail, as the parties are familiar with them.

judgment as a matter of law and renewed motion for judgment as a matter of law as to Plaintiffs' breach-of-contract profit-sharing claim. Besides these matters, All Points challenges the district court's grant of summary judgment foreclosing All Points's counterclaim for breach of fiduciary duty based on the faithless-servant doctrine. Continuing, All Points argues as well that the district court should have granted its motion for a new trial on the ground that the jury returned an inappropriate compromise verdict. Not only that, but All Points challenges several evidentiary rulings, statements made during trial, jury instructions, and verdict-form rulings. Finally, All Points asserts that the district court should not have denied its motion for a permanent injunction and statutory fees.

On appeal, All Points asks us to (1) reverse the district court's grant of summary judgment as to the faithless-servant doctrine and denial of judgment as a matter of law on Plaintiffs' breach-of-contract claims; (2) order a new trial on Plaintiffs' breach-of-contract novation claim (or, alternatively, remit associated damages), Plaintiffs' breach-of-contract profit-sharing claim, and all of All Points's counterclaims; and (3) order the district court to impose a permanent injunction on Plaintiffs' use, disclosure, or retention of All Points's trade secrets.

After careful review of the record and with the benefit of oral argument, we find that each of All Points's proposed grounds for reversal or remand lack merit. We agree with the well-reasoned rulings of the district court.

4                          Opinion of the Court                    22-11996

So we affirm the district court's ruling on each issue.

**AFFIRMED.**